# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SUSAN JUNG § | |
| § | |
| v. § | Civil Action No. 4:17-CV-787 |
| § | Judge Mazzant |
| 24 HOUR FITNESS USA, INC. § | |
| § | |
| § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Susan Jung's Motion to Remand (Dkt. #8). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

On August 4, 2017,[1] Plaintiff filed her Original Petition (Dkt. #1, Exhibit 4) in Denton County District Court, and on October 4, 2017, filed her First Amended Petition (Dkt. #1, Exhibit 6). Defendant 24 Hour Fitness USA, Inc. filed its Original Answer (Dkt. #1, Exhibit 5) on October 3, 2017 and First Amended Original Answer (Dkt. #1, Exhibit 7) on October 5, 2017. Additionally, Defendant filed its Notice of Removal (Dkt. #1) on November 3, 2017. As a result, Plaintiff filed her Motion to Remand (Dkt. #8) on November 15, 2017, and Defendant filed its Response (Dkt. #10) on November 29, 2017.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v.*

---

[1] Although Plaintiff's Motion to Remand (Dtk. #8) states that she filed her Original Petition on August 15, 2017, the time stamp on the Original Petition (Dkt. #1, Exhibit 4) and the Register of Actions from Denton County (Dkt. #1, Exhibit 3) indicate the correct filing date is August 4, 2017. As such, the Court uses the latter date for purposes of its analysis.

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

Plaintiff claims that her Original Petition (Dkt. #1, Exhibit 4) made clear the amount in controversy requirement was met, which triggered the thirty-day clock. Further, Plaintiff contends that if the Court disagrees and finds the Original Petition (Dkt. #1, Exhibit 4) did not make the amount in controversy clear, i.e., did not trigger the thirty-day removal deadline, then the First Amended Petition (Dkt. #1, Exhibit 6) does not satisfy the amount in controversy because the difference between the two petitions is minimal.[2] In other words, Plaintiff avers that "either

---

[2] The relevant difference between Plaintiff's Original Petition (Dkt. #1, Exhibit 4) and Plaintiff's First Amended Petition (Dkt. #1, Exhibit 6) is the addition of a statement describing the range of damages sought as required by Texas Rule of Civil Procedure 47(c). Specifically, Plaintiff added the following statement: "Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees, however Plaintiff is seeking punitive damages, and specifically seeks not to limit the discretion of the finder of fact." (Dkt. #1, Exhibit 6 at ¶ 6).

Plaintiff's Original Petition already met the amount in controversy requirement or it did not and the First Amended Petition did nothing to change that." (Dkt. #8 at ¶ 10). The Court finds Plaintiff's arguments are both misplaced and misguided.

I. **Timeliness Dispute**

Plaintiff argues her Original Petition started the thirty-day removal deadline and that Defendant untimely filed its Notice of Removal. Thus, remand is required. Conversely, Defendant contends it timely filed its Notice of Removal.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). In other words,

> [I]f the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. If the initial pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable.

*Mumfrey*, 719 F.3d at 397–98.

Prior to the Fifth Circuit's holding in *Mumfrey*, a confusing line of jurisprudence existed within this circuit on what triggers the initial thirty-day removal period. In *Mumfrey*, the Fifth Circuit distinguished between "amount disputes" and "timeliness disputes." *Id.* at 398–99. Specifically, the court stated that "amount disputes" occur "when the defendant remove[s] a case within thirty days of receiving the initial pleadings—before the amount in controversy [is] clearly

established—and the plaintiff move[s] to remand, objecting that the amount in controversy has not been met." *Id.* at 398. Conversely, "timeliness disputes" arise "when the defendant [does] not remove within thirty days after receipt of the initial pleadings," but instead removes "within thirty days of receiving some amended pleading or 'other paper.'" *Id.* Under a "timeliness dispute," "the plaintiff tries to avoid removal by arguing that it was clear from the initial pleadings that the case was removable such that the defendant has missed the deadline and is forever barred from removing." *Id.*

The importance in making this distinction is that each dispute relies on a different standard. "Amount disputes" are resolved if "it is apparent from the face of the petition that the claims are likely to exceed $75,000," or "[if] the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d 723. However, "timeliness disputes" require the initial pleading to "affirmatively reveal on its face" that the plaintiff seeks damages exceeding the jurisdictional amount. *See Mumfrey*, 719 F.3d 399-400. Thus, although a petition might satisfy the "amount dispute" standard, it does not necessarily follow that the "timeliness dispute" standard is satisfied. Stated differently, even though an original petition can satisfy the amount in controversy requirement, it may not start the thirty-day deadline.[3]

Here, Defendant filed its Notice of Removal (Dkt. #1) on November 11, 2017, within thirty days of October 4, 2017, when Plaintiff filed her First Amended Petition (Dkt. #1, Exhibit 6). Plaintiff argues the thirty-day clock began on August 4, 2017, when she filed her Original Petition (Dkt. #1, Exhibit 4), making Defendant's Notice of Removal untimely. As such, the Court is

---

[3] *See Mumfrey*, 719 F.3d at 400 n.13 (stating that "[w]e note that [Defendant] likely could have removed immediately after [Plaintiff] filed his Original Petition, giving rise to an amount dispute case if [Plaintiff] had sought to remand by arguing that the amount-in-controversy was not satisfied. But even if [Defendant] *could* have removed immediately, [Plaintiff's] Original Petition did not start the clock such that [Defendant] was required to remove if it wanted to.").

4

presented with a "timeliness dispute," making the central issue before the Court "whether [Plaintiff's] Original Petition triggered the thirty-day time period for removal." *Mumfrey*, 719 F.3d at 398.

Defendant, in its Notice of Removal (Dkt. #1), contends that subject matter jurisdiction exists via diversity of citizenship. Diversity jurisdiction exists when "there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Marroquin v. Home Depot USA, Inc.*, No. 1:13-CV-371, 2013 WL 11332951, at *2 (E.D. Tex. Aug. 16, 2013) (citing 28 U.S.C. §§ 1331–1332). "Complete diversity requires that no plaintiff be a citizen of the same state as any defendant." *Bryson v. Wells Fargo Bank, N.A.*, No. 1:16-CV-28, 2016 WL 1305846, at *3 (E.D. Tex. Mar. 31, 2016) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (citations omitted). "To ensure that diversity jurisdiction does not flood the federal court with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Exxon Mobil Corp.*, 545 U.S. at 552.

Both Plaintiff and Defendant agree that the parties are completely diverse.[4] However, Plaintiff avers that her Original Petition (Dkt. #1, Exhibit 4) started the thirty-day deadline to remove because it made clear that "Plaintiff is seeking more than $100,000 in damages since she is only seeking monetary damages and designated that the case be governed by a Level 2 discovery plan." (Dkt. #8 at ¶ 4). Defendant contends that because Plaintiff's Original Petition (Dkt. #1, Exhibit 4) did not contain a statement that the damages exceeded the federal jurisdictional amount it did not initiate the thirty-day clock.

---

[4] Plaintiff is a citizen of Texas, and Defendant is a citizen of California.

5

"[T]he thirty-day clock is not triggered unless the initial pleading '*affirmatively reveals on its face*' that the plaintiff's sought damages exceed[ ] the jurisdictional amount." *Mumfrey*, 719 F.3d at 400 (emphasis added) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). In other words, if the plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, [the plaintiff must] place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*." *Id.* at 399 (emphasis in original) (quoting *Chapman*, 969 F.2d at 163).

To support her argument that the Original Petition (Dkt. #1, Exhibit 4) started the thirty-day removal deadline, Plaintiff cites to cases from each of the four federal districts in Texas.[5] However, after reviewing each case, the Court finds these cases inapposite because they are "amount dispute" cases. Specifically, the cases discuss whether the jurisdictional amount is "facially apparent," not whether the initial pleading "affirmatively revealed on its face" that the plaintiff sought damages exceeding the jurisdictional amount.[6] As discussed earlier, the "facially apparent" standard is relevant only to "amount dispute" cases. *See Mumfrey*, 719 F.3d at 400. As such, Plaintiff's reliance on such cases is misplaced.

Plaintiff's Original Petition (Dkt. #1, Exhibit 4) did not contain a "specific allegation that damages are in excess of the federal jurisdictional amount." Thus, "[t]he removal clock was . . . not triggered until [Defendant] received a copy of an 'amended pleading, motion, order, or other paper from which' it was first ascertainable that the case was removable, i.e., when [Plaintiff] filed

---

[5] *Napier v. Humana Marketpoint, Inc.*, 826 F. Supp. 2d 984, 987–88 (N.D. Tex. 2011); *Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *3–*4 (W.D. Tex. June 21, 2010); *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 662–63 (E.D. Tex. 2000); *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 963 (S.D. Tex. 1999)
[6] In making such an argument, Plaintiff comingles "amount disputes" with "timeliness disputes." Specifically, Plaintiff implies that automatic triggering of the thirty-day clock begins when the petition makes *facially apparent* that the amount in controversy requirement is met. However, as discussed earlier, even though an original petition can satisfy the amount in controversy requirement, it may not start the thirty-day removal deadline.

6

[her] First Amended Petition [(Dkt. #1, Exhibit 6)]."[7] *Mumfrey*, 719 F.3d at 400. Accordingly, the Court finds that the thirty-day clock did not begin until October 4, 2017, when Plaintiff filed her First Amended Petition (Dkt. #1, Exhibit 6). Because Defendant filed its Notice of Removal (Dkt. #1) on November 3, 2017, within thirty days of October 4, 2017, the Court finds Defendant timely removed the case.

## II. Amount Dispute

Plaintiff argues that even if the Court finds Defendant's removal timely, remand is appropriate because the amount in controversy requirement is not met. Defendant contends that the amount in controversy exceeds $75,000.

"When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of 'the claims in the state court petition as they existed at the time of removal.'" *Espinoza v. Allstate Tex. Lloyd's*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (quoting *Manguno*, 276 F.3d at 723). "In general, the amount in controversy is determined by the amount sought on the face of the state court petition, so long as the claim is made in good faith." *Id.* (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "Texas law requires plaintiffs to plead damages that fall within certain ranges." *Wakefield v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:17-CV-307, 2017 WL 4364100, at *3 (E.D. Tex. Sept. 29, 2017) (citing TEX. R. CIV. P. 47). When a petition alleges a range of damages "removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Wakefield*, 2017 WL 4364100, at *3 (citing *Felton v. Greyhound Lines, Inc.*, 324 F.3d

---

[7] *See Torres v. Hobby Lobby Stores, Inc.*, No. EP-13-CV-187-KC, 2013 WL 5917153, at *4 (W.D. Tex. Oct. 31, 2013) (stating that a plaintiff's initial pleading, which lacked a specific allegation that the federal amount in controversy requirement was met, left the plaintiff with little room to argue such pleading initiated the thirty-day deadline to remove).

771, 773 (5th Cir. 2003)). The removing party satisfies this burden by (1) showing that "it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) [by setting] forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. "If a defendant satisfies its burden, remand is not warranted unless the plaintiff establishes to a legal certainty that the claim is really for less than the jurisdictional amount." *Wakefield*, 2017 WL 4364100, at *3 (citations omitted).

> Here, Plaintiff's First Amended Petition states that
>
> Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees, however Plaintiff is seeking punitive damages, and specifically seeks not to limit the discretion of the finder of fact.

(Dkt. #1, Exhibit 6 at ¶ 6). A plaintiff that seeks multiple types of damages, including punitive damages, suggests that she is seeking to maximize her award. *See Salomon*, 2010 WL 2545593, at *6 (finding the plaintiff's petition made facially apparent the amount in controversy exceeded the jurisdictional amount because the defendant could have determined that the plaintiff was seeking to maximize her award under statute and that her compensatory and punitive damages alone had the potential to substantially exceed the jurisdictional amount). Here, the maximum amount of punitive damages Plaintiff is capable of recovering ranges from $200,000 to $750,000. *See* TEX. CIV. PRAC. & REM. CODE § 41.008(b). As such, the Court finds that it is facially apparent from Plaintiff's First Amended Petition (Dkt. #1, Exhibit 6) that the amount in controversy likely exceeds $75,000. *See Napier*, 826 F. Supp. 2d at 988 (finding that the plaintiff's list of damages affirmatively revealed on its face that the amount in controversy exceeded the jurisdictional amount).

As a result, because the Court finds Defendant timely filed its Notice of Removal (Dkt. #1) and that the amount in controversy requirement is satisfied, remand is improper.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #8) is hereby **DENIED**.

**SIGNED this 19th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE