# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SUSAN JUNG | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-787 |
| | § | Judge Mazzant |
| 24 HOUR FITNESS USA, INC. | § | |
| | § | |
| | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Susan Jung's Motion for Leave to File Amended Complaint (Dkt. #17). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

On December 28, 2017, Plaintiff filed her Motion for Leave to File Amended Complaint (Dkt. #17). Plaintiff's amended complaint (Dkt. #16) seeks to destroy diversity by adding Zach Turner ("Turner"), a Texas citizen, as a defendant. Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness") filed its response (Dkt. #20) on January 11, 2018.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). Courts are instructed to "freely give leave when justice so requires." FED. R. CIV. P. 15(a). The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th

Cir. 2002)).  But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).  Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992).

A district court, "when faced with an amended pleading naming a new non[-]diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  In determining whether to permit such an amendment, the Court considers four factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction;" (2) "whether [the] plaintiff has been dilatory in asking for amendment;" (3) whether [the] plaintiff will be significantly injured if amendment is not allowed;" and (4) "any other factors bearing on the equities." *Id.*  "If [the Court] permits the amendment of the non[-]diverse defendant, [the Court] then must remand to the state court.  If the amendment is not allowed, the [Court] maintains jurisdiction." *Id.*

## ANALYSIS

Plaintiff argues adding Turner as a defendant is necessary because "should it be determined that any of Zach Turner's actions were outside the scope of his employment, some or all of Plaintiff's recovery could be limited to recovery against Zach Turner."  (Dkt. #17 at ¶ 5).  24 Hour Fitness responds by "stipulate[ing] that Zach Turner was acting within the course and scope of his employment in connection with the conduct of which Plaintiff complains."  (Dkt. #20 at pp. 1–2).  As such, 24 Hour Fitness contends that such stipulation "eliminates Plaintiff's sole basis for seeking to join Zach Turner."  (Dkt. #20 at p. 2).  The Court agrees.

Plaintiff's basis for adding Turner is contingent on whether Turner acted within the course and scope of his employment with 24 Hour Fitness.  Because 24 Hour Fitness, in its response,

stipulates that Turner acted within the course and scope of his employment, Plaintiff's basis for adding Turner is eliminated. As such, the Court finds that Plaintiff's motion for leave should be denied.[1]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #17) is hereby **DENIED.**

**SIGNED this 29th day of January, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Although the Fifth Circuit provides four factors to weigh when faced with an amended pleading naming a new non-diverse defendant, the Court finds an analysis of such factors is unnecessary given Plaintiff's basis for moving for leave is rendered meritless after 24 Hour Fitness's stipulation. Further, in arguing such factors, Plaintiff provides nothing more than two conclusory statements claiming that the factors weigh in favor of Plaintiff.