# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SUSAN JUNG | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-787 |
| | § | Judge Mazzant |
| 24 HOUR FITNESS USA, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant 24 Hour Fitness USA, Inc.'s Motion to Strike Plaintiff Susan Jung's Untimely Jury Demand (Dkt. #35) and the parties' Joint Motion to Extend Deadline to File Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law (Dkt. #36). Having considered the motions and the relevant pleadings, the Court denies both motions.

## BACKGROUND

Defendant removed this case on November 3, 2017 (Dkt. #1). Nearly a year later—on October 30, 2018—Plaintiff filed a "Jury Trial Request" (Dkt. #31). In this request, Plaintiff claims she previously demanded a jury in her First Amended Petition. Defendant filed a Motion to Strike Plaintiff's Untimely Jury Demand on November 6, 2018 (Dkt. #35). Plaintiff did not respond to Defendant's motion to strike within the fourteen-day period provided by Local Rule CV-7(e).

On November 15, 2018, the parties filed their Joint Motion to Extend Deadline to File Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law (Dkt. #36). The parties request the Court extend this deadline until ten days after the Court rules on Defendant's motion to strike. The Final Pretrial Conference for this case is set for December 7, 2018 (Dkt. #38).

**LEGAL STANDARD**

I. **Federal Jury Demands**

"The right to jury trial preserved by the Seventh Amendment to the Constitution and embodied in Federal Rule 38(a) is not self-enforcing." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2318 (3d ed. 2018). Accordingly, a party who seeks a jury trial must demand one. *See Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir.), *cert. denied*, 400 U.S. 833 (1970) (a party's failure to make a timely jury demand constitutes a waiver of its right to a jury trial).

The Federal Rules of Civil Procedure provide methods for demanding a jury trial. Rule 38 explains:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
> >
> > (2) filing the demand in accordance with Rule 5(d).
>
> . . . .
>
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

In a case removed from a state court, Rule 81(c)(3) establishes another method for demanding a jury trial:

> (3) Demand for a Jury Trial.
>
> > (A) As Affected by State Law. A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the

2

parties to do so within a specified time.[1] The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

(B) Under Rule 38. If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:

(i) it files a notice of removal; or

(ii) it is served with a notice of removal filed by another party.

Even if a party waives its right to trial by jury, Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." In other words, Rule 39(b) grants district courts discretion "to relieve a party from waiver of a jury trial . . . ." *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.), *cert. denied*, 379 U.S. 962 (1964)). A court's discretion under Rule 39(b) is not unlimited because the court is required to "to grant a motion for jury trial . . . 'in the absence of strong and compelling reasons to the contrary.'" *Pinemont Bank v. Belk*, 722 F.2d 232, 236 (5th Cir. 1984) (quoting *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979)). This restraint on a district court's discretion is "based on the long-accepted observation that the right to trial by jury 'is a basic and fundamental feature of our system.'" *Lewis v. Thigpen*, 767 F.2d 252, 259 (5th Cir. 1985) (quoting *Swofford*, 336 F.2d at 409). District courts analyze five factors when considering whether to order a jury trial under Rule 39(b):

(1) whether the case involves issues which are best tried to a jury;

---

1. Local Rule CV-81(b) states, "If a jury was requested in state court, the removed action will be placed on the jury docket of this court provided the removing party or parties file a separate jury demand pursuant to LOCAL RULE CV-38(a) . . . ."

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel*, 916 F.2d at 1064 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983)). District courts should not "simply tally the [*Daniel*] factors when deciding a Rule 39(b) motion and see whether more factors favor granting or denying the motion." *Bell v. Gen. Am. Life Ins. Co.*, 3:13-CV-1846-D, 2014 WL 815382, at *2 (N.D. Tex. Mar. 3, 2014). Instead, district courts should consider "all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury." *Id.*

## II. Texas Jury Demands

The Texas Constitution also guarantees the right to trial by jury in civil cases if demanded. Tex. Const. art. I, § 15; art. V, § 10. Texas Rule of Civil Procedure 216 explains the process of demanding a jury trial in Texas state court:

> a. Request. No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.
>
> b. Jury Fee. Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

**ANALYSIS**

Defendant argues that Plaintiff waived her right to jury trial and the Court should not exercise its discretion under Rule 39(b) to order a jury trial (Dkt. #36). Plaintiff does not specifically respond to Defendant's motion but states in her jury request that she previously demanded a jury trial in her Fist Amended Petition (Dkt. #31).

### I. Jury Demand

Regardless of whether the Court applies the Texas or Federal Rules cited above, Plaintiff's jury request—made nearly a year after removal of this case—is untimely. Plaintiff attempts to escape this conclusion by suggesting that she demanded a jury trial in her First Amended Petition (Dkt. #31). Specifically, Plaintiff cites paragraph six of her First Amended Petition:

> Plaintiff trusts the jury to provide whatever dollar amounts the jury believes to be appropriate for the claims, whether or not that award coincides with the statistical classification ranges ascribed to this paragraph. . . . It is Plaintiff's intent to rely upon the jury's sound discretion and judgment after the jury has had the opportunity to consider the evidence at trial and come to its own determination of the appropriate damages amount . . . .

(Dkt. #4 ¶ 6).

There are two issues with Plaintiff's argument. First, Plaintiff's Second Amended Complaint supersedes Plaintiff's First Amended Petition, and there is no mention, or incorporation by reference, of Plaintiff's intent to rely on a jury in Plaintiff's Second Amended Complaint (Dkt. #16). *See Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 282 (W.D. Tex. 2014) ("It is well-settled in the Fifth Circuit that an amended complaint supersedes the original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint."). Second, although Plaintiff expressed her intent to demand a jury trial in her First Amended Petition, she expressed the opposite intent in a Joint Status Report filed

on December 27, 2017, "The parties anticipate trial will take five days, not including jury selection. A jury demand has not been made at this time." (Dkt. #14 at p. 4). Therefore, based on the previous discussion, the Court finds Plaintiff waived her right to trial by jury.

## II. Rule 39(b) Analysis

Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Although Plaintiff's jury request is untimely, the Court will exercise its discretion under Rule 39(b) and **GRANT** Plaintiff's request for a jury trial. In reaching its conclusion, the Court considers the five *Daniel* factors cited above. 916 F.2d at 1064.[2]

### A. Issues Best Tried to a Jury

Addressing the first *Daniel* factor, Defendant argues this case is not uniquely suited for a jury trial because the key facts are largely undisputed (Dkt. #35 at pp. 3–4). Instead, Defendant contends the relevant questions for trial are: "(1) whether Defendant's actions rise to the level of constituting an invasion of privacy, (2) whether Defendant's actions constitute malice and/or gross negligence, and (3) damages." (Dkt. #35 at p. 4). The Court disagrees because it fundamentally respects the jury's role as the factfinder and believes the cited issues are best suited for a jury trial.

### B. Disruption to the Court's Schedule or the Adverse Party

Next, Defendant contends that granting a jury trial will likely result in some disruption to the Court's schedule (Dkt. #35 at p. 4). Specifically, Plaintiff requested one day for a bench trial, and a potential extra day if the Court orders a jury trial (Dkt. #34 at p. 3). Although the Court maintains an active docket, one potential extra day of trial will not disrupt the Court's schedule. Further, the Court believes Plaintiff's right to a jury trial far outweighs any minor disruption to the Court's schedule. *See Lewis*, 767 F.2d at 259.

---

2. Rule 39(b) provides "the court may, *on motion*, order a jury trial . . . ." (emphasis added). Defendant argues the Court should not order a jury trial because Plaintiff has not *moved* for a jury trial under Rule 39(b). However, Plaintiff requested a jury trial (Dkt. #31). The Court considers Plaintiff's jury request equivalent to a Rule 39(b) motion.

C. **Prejudice to Defendant**

Defendant next argues that ordering a jury trial will prejudice Defendant in three ways: (1) the deadline for filing motions in limine passed; (2) Defendant anticipated a bench trial and modeled its trial preparation accordingly; and (3) changing the case from a bench to a jury trial increases the cost of litigation. (Dkt. # 35 at p. 4). Defendant's first two points of prejudice are cured by the extension provided below. Further, although the Court acknowledges that a potential extra day of trial will likely increase Defendant's litigation costs, Defendant does not show that such an increase will be significant.

D. **Length of the Delay**

Plaintiff filed this case on August 4, 2017, and Defendant removed the case on November 3, 2017 (Dkt. #1; Dkt. #1-4). Plaintiff did not file her jury request until October 30, 2018 (Dkt. #31). The Court does not condone Plaintiff's actions and has previously denied a motion for jury trial with a similar length of delay. *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, 4:13-CV-263, 2014 WL 8480457, at *1 (E.D. Tex. Aug. 28, 2014), *objections overruled*, 4:13-CV-263, 2014 WL 8494866 (E.D. Tex. Sept. 17, 2014).[3] Therefore, this factor weighs against granting Plaintiff's jury request.

E. **Reason for Tardiness**

As mentioned previously, Plaintiff did not specifically respond to Defendant's motion to strike. On one hand, Plaintiff appears to believe that she originally requested a jury trial in her First Amended Petition (Dkt. #4 ¶ 6). On the other hand, based on her representations in the Joint Status Report, it appears Plaintiff only recently decided to demand a jury (Dkt. #14 at p. 4). When a plaintiff offers no viable reason for a delay in filing a jury demand, courts may assume the delay

---

3. *Weidner* is otherwise distinguishable. The issues in *Weidner* were not uniquely suited for a jury trial and no continuance was available to cure prejudice to the defendant. 2014 WL 8480457, at *1.

resulted from mere inadvertence. *Farias v. Bexar Cty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991).

### F. Considering the *Daniel* Factors

Courts should not "simply tally the [*Daniel*] factors when deciding a Rule 39(b) motion and see whether more factors favor granting or denying the motion." *Bell*, 2014 WL 815382, at *2. Instead, courts consider "all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury." *Id.* Further, the Court is required "to grant a motion for jury trial . . . 'in the absence of strong and compelling reasons to the contrary.'" *Pinemont*, 722 F.2d at 236 (quoting *Cox*, 607 F.2d at 144).

Reviewing the factors above, the Court does not find strong and compelling reasons to deny Plaintiff's jury request. Most of the prejudice and delay identified by Defendant are cured with the extension provided below, and the remaining prejudice is outweighed by the "long-accepted observation that the right to trial by jury 'is a basic and fundamental feature of our system.'" *Lewis*, 767 F.2d at 259 (quoting *Swofford.*, 336 F.2d at 409).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Strike Plaintiff's Untimely Jury Demand is **DENIED** (Dkt. #35). Pursuant to Federal Rule of Civil Procedure 39(b), the Court further **ORDERS** that this case will proceed to a jury trial on the issues.

In order to provide the parties adequate time to prepare for the jury trial, the Court **AMENDS** the Scheduling Order as follows:

- **December 5, 2018**: Motions in limine due. File Amended Joint Final Pretrial Order. (*See* www.txed.uscourts.gov).

- **December 21, 2018**: Response to motions in limine due.[4] File amended objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[5] (This does not extend the deadline to object to expert witnesses) (Provide the exhibit objected to in the motion or response). If numerous objections are filed the court may set a hearing prior to docket call. File Proposed Jury Instructions/Form of Verdict.

- **January 4, 2019**: Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. The parties should be prepared to try the case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket.

- 10:00 a.m. Trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between **February 4, 2019**, and **March 1, 2019**. A specific trial date in this time frame will be selected at the Final Pretrial Conference.

Any date not specifically altered by this order remains unaltered from the previous Scheduling Order (Dkt. #19). Further, based on the above amendments, the Court **DENIES** the parties' Joint Motion to Extend Deadline to File Proposed Jury Instructions or Proposed Findings of Fact and Conclusions of Law as **MOOT** (Dkt. #36).

**IT IS SO ORDERED**.
**SIGNED this 30th day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

4. This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.
5. Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.