# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SUSAN JUNG | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-787 |
| | § | Judge Mazzant |
| 24 HOUR FITNESS USA, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant 24 Hour Fitness USA, Inc.'s Motion to Quash Trial Subpoena (Dkt. #58). Having considered the motion and the relevant pleadings, the Court finds Defendant's motion should be granted.

## BACKGROUND

On December 27, 2017, the parties filed their Rule 26(f) report (Dkt. #14). In the Rule 26(f) Report, Plaintiff Susan Jung stated she intended to depose, "[a] Corporate representative of 24 Hour Fitness on standard policies and procedures and on training of employees on those policies and procedures." (Dkt. #14 at p. 4). On December 7, 2018, the parties filed their proposed pretrial order (Dkt. #44). In the proposed pretrial order, Plaintiff listed "Corporate Representative of 24 Hour Fitness USA, Inc." as a witness on Plaintiff's witness list (Dkt. #44-1). On December 21, 2018, Defendant filed an objection to the corporate representative listed on Plaintiff's witness list (Dkt. #52). Defendant noted that Plaintiff did not take any Federal Rule of Civil Procedure 30(b)(6) depositions and objected to Plaintiff listing an unnamed individual as a trial witness (Dkt. #52). On January 4, 2019, the Court held the Final Pretrial Conference in this case and entered the parties' Joint Pretrial Order (Dkt. #57; Dkt. #58). The trial for this case is set for March 11, 2019 (Dkt. #55).

On January 22, 2019, Plaintiff served a Subpoena to Appear and Testify at a Hearing or Trial on Chris Roussos—Defendant's former Chief Executive Officer ("CEO") (Dkt. #58 at p. 1; Dkt. #58-1). Plaintiff intends Roussos to be the "corporate representative" mentioned in the Rule 26(f) Report and Plaintiff's witness list. Additionally, the subpoena instructs Roussos to bring to trial "[a]ll documents reflecting the financial worth of 24 Hour Fitness USA, Inc. including balance sheets, income and expense statements from 2016 to the present, and tax returns for the years 2016 and 2017." (Dkt. #58-1). Defendant filed a motion to quash the subpoena on February 2, 2019 (Dkt. #58). Plaintiff filed a response to the motion on February 6, 2019 (Dkt. #59).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(1) describes a party's initial disclosure requirements and states that a party must provide to the other parties, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). The initial disclosure must be supplemented later in the proceedings if the party learns that the disclosure made "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). Federal Rule of Civil Procedure 37 states that if a party does not provide information or disclose a witness as required by Rule 26(a) and (e), the party may not use that information or witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). District courts consider four facts in determining whether to allow a late-designated witness to

testify: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

Federal Rule of Civil Procedure 45 provides that a court must "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." "'Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (quoting *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998)). "To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

## ANALYSIS

Defendant contends Plaintiff's subpoena of Roussos should be quashed for four reasons: (1) Roussos is not listed on Plaintiff's witness list; (2) Plaintiff did not identify Roussos as a potential witness in her disclosures; (3) the subpoena poses an undue burden; and (4) the document-production portion of the subpoena is improper.

## I. Late-Designation of Witness

Plaintiff responds to Defendant's first two arguments stating that she did not fail to timely designate Roussos as a witness. Plaintiff explains:

> Defendant listed unnamed "corporate representatives" as persons with knowledge who might be called to testify. Likewise, Plaintiff has always listed a "corporate representative" from 24 Hour Fitness as a witness to testify. Defense counsel listed its own address as the address for corporate representatives of 24 Hour Fitness as shown by Exhibit A, attached hereto. When defense counsel stated to plaintiff's counsel that "no officers and directors of 24 Hour Fitness were subject to the subpoena power of the court," Plaintiff searched and found an officer and director who was within the geographic limits of the Court's subpoena power. Christopher Roussos was that person, and he was the CEO of 24 Hour Fitness at the time of the incident complained of in Plaintiff's Original Petition.
>
> Plaintiff's counsel shared the name of Mr. Roussos at the Final pre-trial hearing before the Court.

(Dkt. 59 at p. 1).[1]

Plaintiff cannot designate Roussos as Defendant's corporate representative. Federal Rule of Civil Procedure 36(b)(6) enables parties to depose organizations. When the party describes with reasonable particularity the matters to be examined in the deposition, the organization then designates a corporate representative to testify on the topics. *See* FED. R. CIV. P. 30(b)(6). As stated previously, Plaintiff intended to depose "[a] Corporate representative of 24 Hour Fitness on standard policies and procedures and on training of employees on those policies and procedures." (Dkt. #14 at p. 4).[2] However, Plaintiff did not take a Rule 30(b)(6) deposition in

---

1. The Court reminds Plaintiff of Local Rule CV-10(5) requiring filings to be double spaced.
2. Plaintiff intends for Roussos to testify on and bring documents relating to Defendant's net worth (Dkt. #59 at p. 2). However, Plaintiff stated in the initial disclosures she would depose a corporate representative only on Defendant's policies and procedures and the training of employees, not on Defendant's net worth (Dkt. #14 at p. 4).

this lawsuit and, therefore, Defendant did not designate a corporate representative to testify on the topics (Dkt. #52). *See* FED. R. CIV. P. 30(b)(6). Plaintiff cannot now simply subpoena Defendant's former CEO and designate him as Defendant's "corporate representative." Accordingly, the Court finds that Roussos is a late-designated witness even though Plaintiff listed "corporate representative" in the initial disclosures and on Plaintiff's witness list.

District courts consider four factors in determining whether to allow a late-designated witness to testify: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel*, 480 F.3d at 707.

First, Plaintiff does not explain why she did not seek to depose a corporate representative, or why she failed to designate Roussos earlier in the lawsuit. Therefore, this factor weighs against forcing Roussos to appear and testify.

Second, Plaintiff seeks to have Roussos testify on Defendant's net worth (Dkt. #59 at p. 2). Further, if Roussos acts as the corporate representative referred to by Plaintiff, Plaintiff will expect Roussos to testify on Defendant's policies and procedures, and training Defendant's employees on these policies and procedures (Dkt. #14 at p. 4). Roussos is no longer the CEO of Defendant, and serves only as an employee in an advisory role for Defendant (Dkt. #58-2 ¶ 2). Roussos's role as an advisory employee ends March 1, 2019 (Dkt. #58-2 ¶ 2). Therefore, at the time of trial, Roussos will no longer be an employee of Defendant (Dkt. #55). Additionally, Roussos states that while he did review company financial data in his role as CEO, he does not have personal knowledge of Defendant's net worth, and no longer has access to any company email or financial information in his advisory role (Dkt. #58-2 ¶ 5). Finally, Roussos explains he

---

Plaintiff attempts to fit a square peg into a round hole by claiming Roussos is the previously mentioned "corporate representative" identified by Plaintiff.

does not know the policies and procedures relating to lockers in locker rooms—the relevant policies and procedures to this lawsuit (Dkt. #58-2 ¶ 4). As a result, even if Roussos testified on all the topics identified by Plaintiff, it is unlikely that he could provide relevant, or essential, testimony.

Third, there is prejudice in allowing Roussos to testify. Plaintiff seeks to identify Roussos after the Final Pretrial Conference, discovery deadline, and only one month before the trial. Defendant states that had Plaintiff identified Roussos earlier Defendant would have filed additional objections and motions in limine concerning Roussos's testimony (Dkt. #58 at p. 2).[3] Further, Mr. Roussos has a personal commitment that he will miss if he testifies at trial (Dkt. #58-2 ¶ 7). Consequently, there is prejudice to forcing Roussos to comply with Plaintiff's subpoena and testify at trial.

Fourth, a continuance is not available to cure the prejudice. The trial is set for March 11, 2019 (Dkt. #55). The Court's trial docket is filled through June 2019. Therefore, any continuance will cause a substantial delay in the resolution of this case.

When considering the factors outlined above, the Court finds that Roussos should not be required to testify as a late-designated witness. *See Betzel*, 480 F.3d at 707.

## II. Quashing the Subpoena

Notwithstanding the analysis above, the Court finds the subpoena should be quashed. Rule 45 provides that a court must "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." "To determine whether

---

3. The Court finds Defendant's statement credible as Defendant previously objected to Plaintiff listing an unnamed "corporate representative" as a trial witness (Dkt. #52).

the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa*, 392 F.3d at 818 (citing *Williams*, 178 F.R.D. at 109).

The subpoena at issue imposes an undue burden. The Court already determined Roussos will likely not provide significant, relevant testimony and that causing him to appear imposes a burden on Roussos and the parties. Considering the other factors, the subpoena calls for Roussos to testify at trial and bring, "[a]ll documents reflecting the financial worth of 24 Hour Fitness USA, Inc. including balance sheets, income and expense statements from 2016 to the present, and tax returns for the years 2016 and 2017." (Dkt. #58-1). Although Roussos does not have access to these documents anymore, the breadth of the request is large and the period is substantial—requesting "all documents" concerning a large corporation's net worth for a period of three years.[4] Considering the factors together, the Court finds the subpoena should be quashed as it imposes an undue burden.

---

4. The Court does not take issue with the particularity with which Plaintiff describes the requested documents. However, every other factor identified weighs in favor of quashing the subpoena.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Quash Trial Subpoena is hereby **GRANTED** (Dkt. #58).

**IT IS SO ORDERED**.

**SIGNED this 12th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE